From Guilford.
The warrant was "to answer" plaintiffs "in a plea of debt on sale of articles to the amount of $1.27."
The plaintiffs were the administrators of one Kenlian Vaughan, and at the sale of his effects made known the following as the articles of sale:
(385) The highest bidder to be the purchaser; all sums over ten shillings, twelve months' credit, by giving bond with approved security. All sums of ten shillings and under, cash. No property to be removed off the premises until bond be given or money paid. Whoever purchases at the sale and fails to comply with the articles shall pay four shillings in the pound for disappointing the sale.
On the trial the court admitted evidence to prove that the defendant at the sale became the purchaser of an article at the price mentioned in the warrant; that he refused to pay the money or comply with the terms of sale by giving bond and security; and instructed the jury that by such refusal a right of action accrued immediately to the plaintiffs, though according to the terms of sale the purchaser, by giving bond, was entitled to a credit.
The plaintiff offered to prove a special agreement to resell the property purchased by defendant, and a promise made by defendant to pay the difference; that such resale did take place, and to claim such difference if entitled to recover in this form of the warrant. This was overruled by the court, on the ground that the form of the warrant would not admit of the introduction of such evidence. It appeared that the plaintiffs, after the sale to defendant, had made no use of the property sold. *Page 283 
The jury returns a verdict for the plaintiffs to the amount of the property sold, and a new trial was moved for on two grounds:
1. The admission of improper evidence and misdirection in law to the jury.
2. Upon an affidavit of one Sanders as agent for defendant, who swore that he had taken out a subpoena for a witness and delivered it to a constable of the county, supposing that any constable might execute it; that the constable had summoned the witness, and she did not attend; that he was advised by his counsel that under the circumstances her absence was not a ground for the continuance of the cause, and therefore he had gone into the trial in her absence. By the witness (386) defendant expected to prove that plaintiffs had, after the sale to defendant, sold the same article (a spinning-wheel) to the witness.
The warrant is for the price of a spinning-wheel, sold at vendue and purchased by defendant. The terms of the sale were twelve months' credit, by giving bond with approved security. The defendant bought the wheel, but refused to give bond or pay the money. He had his election to do either, but must be differently situated from other men, if exempted from both. So far the verdict was well warranted, and as to the motion for a new trial, grounded upon the defendant's affidavit, that must also fail, as it is an attempt to obtain a new trial for a reason admitted to be insufficient for a continuance.
Rule discharged.